IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donald L. Ivey, | ) C/A No.: 3:16-467-MGL-SVH |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| SCANA Corporation, SCANA Services, Inc., and the SCANA Corporation Retirement Plan, | ) |
| Defendants. | ) |

In this employment discrimination case, Donald L. Ivey ("Plaintiff") sues SCANA Corporation, SCANA Services, Inc., and the SCANA Corporation Retirement Plan ("the Plan") (collectively "Defendants"), alleging (1) discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), (2) violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1132, *et seq.* ("ERISA"); and (3) retaliation in violation of the ADEA and ERISA. This matter comes before the court on Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [ECF No. 13]. Plaintiff filed a response to the motion [ECF No. 15], and Defendants filed a reply [ECF No. 16]. This motion having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned

recommends the district court grant in part and deny in part Defendants' motion to dismiss and allow Plaintiff an opportunity to amend his complaint.

I.      Factual and Procedural Background

According to the complaint, Plaintiff was employed by SCANA Corporation and SCANA Services, Inc. (collectively "SCANA") beginning March 4, 1980. [ECF No. 1 at ¶¶14–17]. Plaintiff is 59 years old and would have had 35 years of employment with SCANA on March 4, 2015. *Id*. On December 16, 2014, Plaintiff was informed by SCANA management that he would be terminated, effective January 31, 2015, as a result of the sale of Carolina Gas Transmission ("CGT"), a SCANA division, to Dominion Resources, Inc. ("Dominion").[1] *Id*. at ¶¶18–19.

Plaintiff was a participant and beneficiary of Plan. The Plan provides that an employee may retire with full benefits at age 65, or if he is 55 years or older with 35 years of service. *Id*. at ¶20. The Plan managers told Plaintiff that 4% of his annual retirement benefit would be deducted for each year that he was under age 65 because he did not yet have 35 years of service as a result of his termination. *Id*. at ¶21. Beginning in December 2014, Plaintiff discussed the issue with SCANA management by email, telephone, a letter prepared by his attorney, and via a SCANA dispute resolution form. *Id*. at ¶¶25–30.

On July 8, 2015, Plaintiff filed a charge of discrimination ("Charge") against SCANA with the South Carolina Human Affairs Commission ("SHAC"). Defendants

---

[1] Plaintiff remained in the same job, but was an employee of CGT, which was no longer owned by SCANA. Although the complaint does not state it explicitly, it appears that at the time of his termination, Plaintiff was employed by SCANA Services, but providing services primarily for CGT. [ECF No. 13-1].

2

attached a copy of Plaintiff's Charge to its motion.[2] [ECF No. 13-2 at 2]. Plaintiff checked the box for age discrimination, but did not check the box for retaliation. *Id*. The particulars of his claim are set forth in an attached affidavit. *Id*. The affidavit mirrors Plaintiff's complaint, including the actions Plaintiff took to discuss the issue with SCANA management. *Id*. at 3–9.

II.     Discussion

   A.     Standards on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) when the court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

[2] Because the Charge is referred to in the complaint, consideration of the Charge does not convert the motion into one for summary judgment. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America*, 18 F.3d 1161, 1164 (4th Cir. 1994) (holding that the district court did not err in considering, in connection with a Rule 12(b)(6) motion, a document referred to in the plaintiff's complaint to justify a cause of action). The court has not considered the additional attachments submitted by Defendant, but invites counsel to resubmit the attachments and arguments in a Rule 56 motion at the appropriate time. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (holding that generally, "summary judgment is appropriate only after adequate time for discovery") (internal quotation marks omitted).

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

    B.    Analysis

        1.    Retaliation under the ADEA

Defendant argues that Plaintiff has failed to exhaust his administrative remedies as to his retaliation claim under the ADEA. [ECF No. 13-1 at 5]. Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") or SHAC. 42 U.S.C. § 2000e–5(f)(1); *see also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "A plaintiff's EEOC charge defines the scope of h[is] subsequent right to institute a civil suit." *Smith*, 202 F.3d at 247. Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the

4

scope of her original administrative charge and were therefore time-barred). The Fourth Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

*Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted). A discrimination suit "is limited to discrimination charged in" the administrative claim or "to discrimination actually found by the [agency] upon investigation of the original charge." *Stehle v. Gen. Mills Rest., Inc.*, 875 F.Supp. 320, 323 (D.S.C. 1994). When a discrimination claim "exceed[s] the scope of the [administrative] charge and any charges that would naturally have arisen from an investigation thereof," it is procedurally barred. *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). The *Sydnor* court further found that "[w]hile it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Id.* Noting that laypersons, rather than lawyers, typically initiate the EEOC process, the Supreme Court has made clear that "[d]ocuments filed by an employee with the EEOC should be construed, to the extent

consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 406 (2008). Therefore, so long as "a plaintiff's claims in [his] judicial complaint are reasonably related to [his] EEOC charge and can be expected to follow from a reasonable administrative investigation," he "may advance such claims in [his] subsequent civil suit." *Smith*, 202 F.3d at 247.

Here, the undersigned finds that Plaintiff did not exhaust his administrative remedies related to his ADEA retaliation claim. Although Plaintiff's Charge included references to discussions he had with SCANA management about the decision to terminate him, these all occurred after SCANA informed Plaintiff of the termination decision. Therefore, Plaintiff's mention of these discussions in his Charge did not provide SCANA with notice that he was alleging his termination was retaliation related to these discussions. Because Plaintiff has not shown how a retaliation claim could be expected to follow from a reasonable administrative investigation of his Charge, the court lacks subject matter jurisdiction to consider his retaliation claim under the ADEA.

    2.    Retaliation under ERISA

Defendants argue that Plaintiff's retaliation claim under ERISA should be dismissed because Plaintiff has not alleged an external complaint. [ECF No. 13-1 at 6]. Plaintiff argues that Defendants have misconstrued his cause of action, which he intended to assert pursuant to 29 U.S.C. § 1140. [ECF No. 15 at 17–19]. Defendants argue that Plaintiff should have pled a wrongful interference claim under ERISA instead of retaliation.

6

Whether couched as retaliation or wrongful interference, the undersigned finds that Plaintiff should be permitted an opportunity to amend his complaint to clarify his cause of action, including a reference to the statutory language, if necessary, such that Defendants and the court may understand the specific cause of action.[3]

### 3. ADEA Discrimination

Defendants argue that Plaintiff has not alleged sufficient facts to demonstrate that age was the "but for" cause of his termination. The undersigned respectfully disagrees. If the allegations of Plaintiff's complaint are accepted as true, he has stated a claim that is plausible on its face. The undersigned finds that Plaintiff's complaint alleges sufficient facts of age discrimination to survive a motion to dismiss.

### 2. ERISA

Defendants argue that Plaintiff has not stated a proper denial-of-benefits claim under ERISA because he admits that he was terminated before he reached 35 years of service, as required by the Plan. Plaintiff argues that SCANA, which is both the sponsor and administrator of the Plan, illegally terminated him to deny him benefits. [ECF No. 15 at 13.]

After a careful review of the parties' arguments and the case law cited, the undersigned finds that dismissal of the ERISA claim at this early stage is inappropriate. If the allegations of Plaintiff's complaint are all accepted as true, Plaintiff has stated a claim for relief that is plausible on its face.

---

[3] The undersigned notes that it is not clear on what protected activity Plaintiff bases a retaliation claim under ERISA.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court (1) grant Defendant's motion to dismiss as to Plaintiff's retaliation claim under the ADEA, (2) permit Plaintiff an opportunity to amend his complaint as to his claim alleging interference with attaining his benefits under ERISA, and (3) deny the motion to dismiss as to Plaintiff's age discrimination claim and claim for unlawful denial of benefits under ERISA.  If the district judge accepts this recommendation and Plaintiff fails to file an amended complaint within 15 days of the district court's order on the motion to dismiss, the undersigned recommends dismissing Plaintiff's retaliation claim under ERISA.

IT IS SO RECOMMENDED.

August 31, 2016                                                    Shiva V. Hodges
Columbia, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).