IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donald L. Ivey,  )  | Civil Action No.: 3:16-467-MGL-SVH |
| )  | |
| Plaintiff, )  | |
| )  | |
| vs. )  | **ORDER** |
| )  | |
| )  | |
| SCANA Corporation, SCANA Services, )  | |
| Inc., and the SCANA Corporation )  | |
| Retirement Plan, )  | |
| )  | |
| Defendants.  | |

On February 17, 2016, Plaintiff Donald L. Ivey, ("Plaintiff"), brought this discrimination in employment action pursuant to the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, *et seq,* and the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1132, *et seq*. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for all pretrial handling, including review of the instant Motion to Dismiss, (ECF No. 13), filed by Defendants on April 15, 2016. Following briefing by the parties, the Magistrate Judge submitted a Report and Recommendation, (The Report), (ECF No. 17), recommending that Plaintiff's motion be granted in part and denied in part: specifically, the Report recommends that this Court: (1) grant Defendants' motion to dismiss as to Plaintiff's ADEA retaliation claim; (2) permit Plaintiff an opportunity to amend his Complaint as to his claim alleging interference with benefits under ERISA; and (3) deny Defendants' motion to dismiss as to Plaintiff's ADEA discrimination claim and claim for unlawful denial of benefits under ERISA.  Defendants submitted a timely Objection to the Report, (ECF No. 18), to which

Plaintiff replied.  (ECF No. 19).  The Court has reviewed all of these submissions, and the matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record in this case, including, in particular, the Report and Defendants' Objection.  Defendants object, primarily, to the Magistrate Judge's determination that Plaintiff's ERISA § 502(a)(1)(B) claim for denial of benefits be permitted to go forward and that, consequently, the SCANA Corporation Retirement Plan, ("The Plan"), continue in this litigation as a Defendant.  Defendants argue that Plaintiff has failed to adequately plead a § 502 (a)(1)(B) claim, insofar as Plaintiff does not allege that he ever actually qualified under The Plan for the full benefit now sought.

Although Defendants' larger position may ultimately prevail at the summary judgment stage, upon review of the Complaint and the otherwise limited record before it, the Court does not find that, in the words of Defendants, Plaintiff "admits that he did not qualify for benefits under the terms of

the plan." (ECF No. 18 at p. 1). In a close determination, the Court finds that Plaintiff has adequately averred that he was entitled to full benefits under the terms of The Plan. *See*, *e.g.* ECF No. 1 at ¶ 31 ("On or about September 29, 2015, Plaintiff applied to SCANA and the Plan, asserting that he was entitled to full retirement benefits."). Moreover, the Court is inclined to agree with the Magistrate Judge's view that outright dismissal of the § 502 (a)(1)(B) claim (and outright dismissal of The Plan as a defendant) at this early stage in the litigation prior to any discovery taking place would be inappropriate, particularly in view of SCANA's apparent dual role as both sponsor and administrator of The Plan.

Wherefore, in view of all of the forgoing, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 17), overruling Defendants' Objection. (ECF No. 18). Defendants' Motion to Dismiss, (ECF No. 13), is therefore **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendants' motion is granted as to Plaintiff's ADEA retaliation claim and denied as to Plaintiff's ADEA discrimination claim and ERISA denial of benefits claim. Plaintiff will be permitted to amend the Complaint as to his ERISA interference with benefits claim. Plaintiff shall have 14 days from the date of entry of this Order to do so.

**IT IS SO ORDERED.**

                                                                                      s/Mary G. Lewis
                                                                                      United States District Judge

September 29, 2016
Columbia, South Carolina